Law Offices of
# Donald J. Yannella
A Professional Corporation
**Email: nynjcrimlawyer@gmail.com**
Tel:  (212) 226-2883
Fax:  (646) 430-8379

| | |
|---|---|
| **70 Grand Avenue, Suite 100** | **233 Broadway, Suite 2370** |
| **River Edge, NJ  07661** | **New York, NY  10279** |
| | (Preferred mailing address) |

May 16, 2022

Hon. Valerie E. Caproni
United States District Judge
40 Foley Square
New York, NY  10007

    Re:    US v. Tyriek Fortune, 21 Cr. 118 (VEC)

Hon. Valerie E. Caproni:

    This letter is submitted in response to the Government's submission dated May 12, 2022, ECF 40, regarding the applicability of U.S.S.G. § 2K2.1.  The Government has not proven either of the elements of § 2K2.1.

    First, the Government failed to prove that Mr. Fortune "transported, transferred, or otherwise disposed of two or more firearms to another individual."  At most, the evidence showed Mr. Fortune's electronic communications about a transfer with the so-called Sleeze of Spades.  There was no evidence that, subsequent to those communications, firearms were transported, transferred, or disposed of.  If a transfer did occur, there was no evidence that two or more firearms were transferred.

    Second, the Government failed to establish by a preponderance of the evidence that Mr. Fortune "knew or had reason to believe" that Sleeze of Spades "would use or dispose of the firearms illegally." U.S.S.G. § 2K2.1 cmt. n.13.  Relying on expert testimony from Adam Georg, the Government sought to prove that "the defendant and Sleeze of Spade were both Members of the Mac Baller Street Gang."  Under Rule 702 of the Federal Rules of Evidence, a district court may admit expert testimony if the witness is "qualified as an expert by knowledge, skill, experience, training, or education."  Even if an officer is properly qualified as an expert, his or her testimony may not stray beyond the appropriate boundaries of expert testimony. *United States v. Mejia*, 545 F.3d 179 (2d Cir 2008) (vacating a racketeering conviction in an MS-13 case where the admission of a gang expert's testimony violated the Federal Rules of Evidence and the Sixth Amendment Confrontation Clause).  In the instant case, Detective Adam Georg, who was qualified as an expert, had ample experience in investigating gangs, including the Mac Ballas.

Page **2** of **2**
**May 16, 2022**

He testified that the term "Jackie" is used by members of the Mack Balla gang to refer to guns, and that the terms "Sleeze," "Ewok," and "Mack" are used by members of the gang to reference other gang members. However, Det. Georg's only specific recollection of the term "Jackie" referring to guns was from a single individual he had interviewed in the recent past. He had never heard anybody use the term "Jackie Robinson" to refer to a firearm. Det. Georg could not and did not testify that Sleeze of Spades was a gang member when and if a firearm was transferred to him. The Government did not prove by a preponderance of the evidence that Mr. Fortune transferred firearms to a person he "knew or had reason to believe . . . would use or dispose of the firearms illegally." U.S.S.G. § 2K2.1 cmt. n.13.

Sincerely,

/s/

Donald J. Yannella, Esq.